No. 30,768.

THE MIDWEST LIFE AND CASUALTY ASSOCIATION, *Appellee*, v. THE EMPLOYERS REINSURANCE COMPANY, *Appellant*.

(16 P. 2d 465.)

Opinion filed December 10, 1932.

*Ralph T. O'Neil, John D. M. Hamilton, Barton E. Griffith*, all of Topeka, *Guy M. Cowgill* and *Arthur C. Popham*, both of Kansas City, Mo., for the appellant.

*Tinkham Veale*, of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover upon a contract of reinsurance.

Plaintiff was engaged in insuring persons against risks of accident, sickness and accidental death. On May 1, 1927, it entered into a

contract with defendant whereby the latter undertook to carry part of these risks in consideration of receiving part of the premiums collected from the insured.

On November 16, 1929, plaintiff issued a policy of insurance to LeRoy A. Dey, insuring him in the sum of $3,750 against accidental death and other casualties. Pursuant to its contract with defendant plaintiff ceded to it a proportion of this risk, amounting to $2,250.

On November 26, 1929, the contract of reinsurance between plaintiff and defendant was canceled as to future business.

The premium paid by Dey was sufficient to carry the risk on his policy *until noon* of March 1, 1930, and under the terms of his policy he was entitled to be carried for five days more as a *grace period* without further payment of premiums.

On March 1, 1930, about 2 o'clock in the afternoon, Dey was killed in an automobile accident. Plaintiff paid his beneficiary in accordance with the policy and then called on defendant for proportionate reimbursement under the reinsurance contract.

Payment was refused and this lawsuit followed. The controlling evidence was the reinsurance contract itself, but some oral testimony was adduced on both sides. The trial court made findings of fact and conclusions of law favorable to plaintiff, and judgment was entered accordingly.

Defendant appeals, assigning various errors which chiefly center about the proper interpretation to be given to a provision of the reinsurance agreement of May 1, 1927, which provided:

"3. *Liability continues.* The liability of the [defendant] corporation on each risk ceded shall continue so long as the reinsured requests renewal and pays renewal premiums on such cession and *shall terminate when the risk of the reinsured terminates* or upon failure of the reinsured to renew the cession or to pay reinsurance premium thereof." [Italics ours.]

Since LeRoy A. Dey did not renew his insurance policy by payment of any further premium thereon, the payment which he did make carried his insurance until noon of March 1, 1930, and until the end of the grace period of five days thereafter, according to the terms of the policy, which read:

"*Grace period.* This policy shall not lapse for nonpayment of premium until the fifth day, 12:00 noon of the following month for which premium has been paid."

The insured Dey was killed at 2 o'clock on the afternoon of March 1, 1930, during the grace period. At that time plaintiff's liability

had not terminated; it was still in full force and effect; and the contract of reinsurance expressly provided that defendant's liability as reinsurer should terminate when that of plaintiff terminated. It therefore becomes too clear for cavil that defendant's liability was in full force when Dey met his death.

In the brief of counsel for defendant various matters are laboriously urged. These have been duly noted, but this court cannot give them controlling significance in this lawsuit. The insurance policy and the reinsurance contract are so clear that they did not need any clarifying oral testimony of plaintiff's officers to supplement them, but the introduction of such testimony was nonprejudicial. An argument is made on the point that plaintiff itself was not liable on the policy of insurance it had issued to Dey. We cannot approve that argument. Another contention is that even if Dey had paid another premium before his death, defendant would have received no part of it because the reinsurance contract had been canceled as to all future business. Such an incident, if it had happened, might have given this court a harder nut to crack than the one with which we have to deal.

The judgment is affirmed.